Good morning. Good morning. My name is Mary Lou Hilberg and I represent Anul Ram. When I was thinking about this case I thought an analogy to work I like to do in my spare time as a gardener and when I get to a plant and I start pruning it sometimes it doesn't look anything like the plant that started but the roots are the same, the DNA is the same, it's the same plant. When I'm appointed as habeas counsel and I get a pro per petition especially by a mentally ill client which are the clients that I get I need to do a major prune and to be honest your honors if I had known then what I know now about the relation back doctrine I think I would have pled it a little bit more fully in going back again to my algebra teacher who's always saying show your work, show your work, show how you got from here to here. But when it comes down to brass tacks in this case it's essentially the same claim of involuntariness of the plea. She said she was the whole thing both counts were involuntary because she was mentally ill and legally incompetent at the time. And can I just ask that? Sure. That claim seems pretty legitimate and but it's been abandoned and I guess I just don't quite understand why you shifted from her petition to the claim that you're now trying to pursue. Honestly it was a strategic decision based on the difficulty of the facts of this case in front of a jury versus a second-degree murder conviction because it started as a first-degree murder with special circumstances and I thought long and hard. I had long discussions with trial counsel. I had long discussions with Ms. Ram and that was just a strategic decision. But you your claim now is just limited to the trying to remember it's the attempted murder conviction? Right. And I guess I'm just not even clear on what strategic value there would be if you were to prevail if she were to prevail on that claim because does she just want to hurry up and go start serving the 15 delights? Actually, Justices, at the time I wrote the petition I believed that she would she was in the process of being referred for a restorative sanity to go to prison. She's now been in prison for all this year. And. So she's already serving the 15 delights? She's already serving the prison. Then there's no value to your prevailing on this claim. At the time I wrote the petition I believed and I believe the correct interpretation of California law was she was going to get no credit for the time that she was in Napa. However, subsequently and I shared this with counsel this morning that was proven wrong and I do believe that the intervention of Proposition 57 which has widespread changes to the law of credits in the state of California including it specifically says that credits will be awarded for time and treatment. So she will get credit for all the time she's in Napa? That's how CDCR has figured it. Then why are we here? Well, I just learned this in the last week but what what does remain is she pled to another count of a non-existent crime and it's a strike. So if Ms. Ram ever does get to parole it has a huge potential impact if she ever re-offends which honestly I don't think if any client I've ever had I think she's less likely to re-offend but but in my job I've said that before so I have to be real about it. But at the time and and the other thing honestly is I've read Anderson in the last few days that was decided by I believe a different panel of this court and rethought maybe I was incompetent for not prevailing with the original she was incompetent at the time of the plea because I do believe she was. I do too that's why I don't understand why you because it's not even like you tried to have abandoned the claim that seemed like on its face she was at the same time she was being allowed to enter this plea she was also sent off to Napa. It just seems like right there there's something something's not right about that outcome don't don't you agree? Yes. I mean especially given the circumstances of the crime I mean my goodness. But if we at the same time as her counsel I I'm not just the attorney for her best interests overall and if if I believe that she stood a substantial risk of getting a worse outcome at trial than the second degree murder for the for the death of her daughter which is given Sacramento County is not exactly known for being bleeding-heart liberals in my humble opinion and the facts of this case were really really really hard. So even if you were had been successful in getting the plea vacated she still would have faced the charges obviously could have been convicted. That was the fear and as I said that was not a quickly considered decision that was a long difficult struggle. Okay so I've taken up too much time on collateral matters why don't you address the issue that is before us because as I see it the factual basis for the original claim is completely distinct from the claim that you now want to pursue. The claim you now want to pursue has to do with the things that she did putting aside her her sanity or competency and all that they just don't add up to an offense at all right? I'm sorry I couldn't hear what you last said. So the the claim you want to pursue now yes is that what she did in the real world it just doesn't even add up to a crime right? She just told her son I don't know to get undressed. Yes. Right and that like that's not a there's no crime there. Right. But that has nothing to do with the factual basis for the claim that she originally alleged. That's that's why I just think. Well it's the problem is is that it in in plea bargaining the the United States Supreme Court and Albert gave a wide discretion as long as knowing involuntary. You can plead guilty to a crime you that you didn't do they can make one up you know that's really clear but it has to be knowing involuntary. It has to you have to know what you're doing and you have to make a conscious choice and that's where the claim is exactly the same. She's saying I I I didn't know I didn't know this was a legal fiction. The attorney admitted it was a legal fiction. I didn't know that you know I wouldn't have I wouldn't have gone along with the legal fiction. I didn't you know so it's involuntary. It's still it's still ill-advised and the fact that she was mentally ill at the time adds to the unknowing or unintelligent nature of the plea. She said she said I just want to point out specific references and that is in the in her original petition and which is an EOR 134 she said she was mentally incompetent was involuntary plea. It's exactly what we're saying here too. It's involuntary if she's not intelligently advised and then she also said that she didn't EOR 143 that she didn't understand the legal process and her rights were violated and this is with a specific place where I'm saying yes I think her rights were violated here. So I'd like to reserve what remaining time I have for rebuttal. Okay thank you. We'll hear from the government. Good morning may it please the court Tammy Crenson for the respondent. To relate back we look at whether there's a common core of operative facts. Before I a statement that that petitions no gets full credit for all the time in Napa against. I cannot confirm or deny that your honor. I haven't checked into what her credits are and what her time served would be or not. So she made she mentioned that to me this morning and said that and and certainly that might go to an issue of potential if we got to an answer on the merits whether things were were moot and remedy but we haven't gotten there yet and and honestly I can't say what her her eligible parole date is as of today. All right thank you. Are you you're not troubled at all by the outcome in this case because I guess I find myself deeply troubled by how this unfolded. Actually no your honor in looking at this case I've been reviewed it for quite a long time and on the face of it you look at it and you say what happened here and when I've gone through particular excerpts of record and everything that was said and done and again we're obviously on the merits of this right now. I think her her attorney got a great deal for her. Was she evaluated before entering the plea was she evaluated to see whether she was competent to stand trial at any point? She was not evaluated whether she was competent to stand trial she was evaluated to determine if a not guilty by reason of insanity plea was appropriate. So at the time of her crime there was evaluation as to what her mental state was then. In looking at the the plea proceedings she said she fully understood her rights. There was there was no court didn't raise any question counsel didn't raise any question. What I'm saying is that at the same time she was allowed to enter the plea supposedly of fully knowing and voluntary plea she was immediately sent off to Napa wasn't she? And had spent the next three four five years trying to be restored to sanity. So how could the plea at time one have been knowing and voluntary that's what troubles me right? Well I think you have to look at the two different time periods. A plea of not guilty by reason insanity has to do with what happened at the time of the crime. Her competence to stand trial is a separate time period and actually if you look in the... But you're saying that she was never evaluated before she entered the plea. Between the time of the offense and the time she entered the plea I thought you said that she was never evaluated to see whether she was competent. Not that to my knowledge. I there's nothing on the record that says she was evaluated and if counsel wasn't concerned or the court wasn't concerned and I think it's important to note that she actually at the time of the plea proceedings said on the record she was taking Risperdal she was being medicated she was in the jail she was receiving treatment. But so I'm with you that the time periods are different but all I'm saying is that from the time she entered the plea so I don't know years afterwards she was deemed not sane right? I mean her sanity wasn't hadn't been deemed restored until just recently. She entered a plea so it appears so she could get that there's mental health issues. She wasn't in her right mind for years after she entered the plea. That's I'm just saying that's strange. There's a different I think there's a big difference between having mental health issues and whether you are actually competent to stand trial. It's a much different standard. That's why I was asking was she ever evaluated and you said no. So we don't know and everything we do know about the time from the time she entered the plea forward for several years suggests that there were probably major issues she was under the plea. But under federal constitutional law which again we're discussing an issue that's we're not at we're at the procedural stage but and under federal constitutional law though unless counsel or the court has a reason to believe and if she's medicated being treated and she is able to understand the proceedings and able to assist her counsel which based on the change of plea proceedings appears she was able to do that there's no reason to question her competency. There's no reason to question. What she did at the time of the crime she may not have been medicated at that time she may not have been getting treatment she's now in jail receiving treatment and she's appearing in court and she's saying I understand all my rights if you look at the plea proceedings and the which are in the excerpt of record if the court continues to be concerned about this the change of plea proceedings are at ER 7384 she's asked questions she's asked if she understands her rights does she understand what she's given up she continues to say yes I do yes I do her attorney says she refused to go to trial she didn't want to go to trial she wanted to she wanted to die she wanted to go to prison she didn't say she wanted I don't know if she wanted to die or not she said she wanted to go to prison she wanted to and she was so distraught over what she had done that she wanted things done that doesn't even if that's true that doesn't equate to mental incompetency oh I know that's why I'm just shocked that no evaluation was done in light of what happened in terms of the circumstances of the crime and what they were contemplating doing in terms of sending her to Napa it just seems crazy that she wasn't giving a full telling is she was on risperdal at the time of the plea proceedings and that is the very drug that if you look at the declarations by the staff at the mental hospital that kept her from that helped her as far as regaining not hearing voices and hallucinations and again I'm assuming all these things are true we haven't gotten to that stage but assuming all that's true if she's receiving treatment and drug that was working for her she could very well be competent the time of trial but continue to need treatment and I think her attorney was was doing his best to make sure she was getting the needed which now has put her in a much better place for parole has given her a chance she had a charge of life without the possibility of parole hanging over on some facts that were very concerning and some some indic evidence that she understood understood what was going on I don't think there's any dispute could be did any dispute she had mental health issues but her insanity or her at the time of the proceedings are separate issues I just don't see were you the prosecutor made the charging decision I just think it was over well first of all it's not fair to put me in the prosecutor because I haven't talked to the client I hadn't I don't know what information he had and when I look at this oh I'm sorry well he asked you if you were the prosecutor who made the no I thought he said would you have done that if you were the prosecutor so and so just quickly on the relation back issue the facts as alleged in the original timely petition relating to her depression delusions wanting to to go to prison actually I'm sorry you are right to kill herself that she didn't wasn't assessed and her competency can in no way establish the claim that's now in her amended complaint that there was a there was insufficient factual basis for her attempted murder charge that about what about the argument that counsel made that what she's trying to argue in this new claim is connected to the old claim because she's saying that the plea wasn't knowing involuntary because she wasn't properly advised about the fact that actually what you did with respect to the Sun can't couldn't it could not ever be deemed a that's but again we're looking at the facts not legal theories we don't relate legal theories time and type requirement refers to facts and the facts of whether she was competent to to stand trial whether she was depressed delusional suicidal whether she received a competency evaluation is entirely different than being then whether she was advised that the facts are that her murder there's completely separate in time and type those facts are completely different and what's telling is that those facts are not in the original petition are not in the amended petition to even support the claim they're nowhere they're nowhere to be found and it's because they can't support the claim those facts if true would not establish the claim speaking of the original petition and the amended petition and so forth we have a 28-day letter right on this new case what's the name of it Ross versus Williams you have any comment on that case the only I recited that case an abundance of caution in case the court were inclined to look beyond the original police pleading to try to pull facts and what she meant and things and things of that nature and I think that case makes clear we look you have to allege all the facts all your legal support in your petition and you don't go looking elsewhere to try to get her intent or to pull other facts so so in your view if we do that in this case right what does that mean that means it's a new claim or it's not the same claim I'm sorry you're saying what does it mean if we do if we do that if we follow the the teaching of Ross the teaching of Ross means the claim fit I mean there's nothing there's nothing incorporated here and again if this case was cited in abundance of caution she hasn't tried to incorporate anything but if for some reason somebody was trying to go beyond liberally construe the petition to go beyond the four corners of the document that simply can't do that according to Ross versus William as well as roll roll to see and mail versus Felix says the same thing and unless there's any further questions I'll submit thank you counsel rebuttal briefly the court is absolutely right that she didn't get evaluated under 1368 and the reason is honestly because defense counsel did not realize how sick she was there's a declaration in the EOR 118 to 19 from one of her treating psychologists at Napa about how because she of her cultural background as a Hindu woman in in a more of a third-world country and married in an to do yes yes sir no no sir you know it was that's what she did she gave the expected answer and the trial counsel did not know how suicidal she was that she he knew she wanted to die but he didn't know how bad it was I would also suggest that you and she wasn't the other point I wanted to make is she was in Napa for seven years not three four or five and if you look at dr. skills declaration another treating psychiatrist from Napa at 120 he changed her meds to add a second and I psychotic and that's what started to turn things around but that wasn't until about year six and it's exactly in his declaration and last but not least in my last 10 seconds I would like to say it's so fundamentally unfair to expect ms. Ram to understand what a legally insufficient claim you know crime is when she couldn't know that she couldn't be guilty of second-degree murder attempted murder of her son simply because she thought it she thought she was guilty because she thought she wanted to do that at the time because her voices told her and she felt guilty even if the law didn't so that's why she pled guilty but that's not knowing involuntary plea and it doesn't mean through due process all right thank you counsel thank you both counsel the case just argued is submitted for decision by the court the next case on calendar is calling calling asset management versus Hanson and
judges: Tashima, Rawlinson, Watford